**United States District Court**
**Southern District of New York**
------------------------------------x
Lakshman Rao Paidi, Venkat Rao
Dandamudi, Naveen Parupalli, Sunitha
Talluri, Krishna Kishore Inapuri, Ravi
Kumar Chenna, and Naren Adusumelli,

        Plaintiff,
vs.

Richard P Mills, Commissioner of
Education; New York State Department
of Education; Robert M. Bennett,
Chancellor of the New York State Board
of Regents; and New York State Board
of Regents;

        Defendants
------------------------------------x

08 CV 6932

Index No

Complaint

Jury Trial Demanded

RECEIVED AUG 0 4 2008 U.S.D.C. S.D. N.Y. CASHIERS

## Nature of Action

1. This action challenges the constitutionality of New York State Education Law, Section 6805(1)(6), which governs the licensing of pharmacists in New York. Plaintiffs assert that the statutory provision (a) discriminates against aliens in violation of the Equal Protection Clause of the Fourteenth Amendment, and (b) violates the Supremacy Clause.

## Parties

2. Plaintiffs Lakshman Rao Paidi, Venkat Rao Dandamudi, Naveen Parupalli Sunitha Talluri, Krishna Kishore Inapuri, Ravi Kumar Chenna, and Naren Adusumelli are residents of the New York metropolitan area, and employed as pharmacists in various pharmacies. Each Plaintiff

   a.   was lawfully admitted to, and remains a lawful resident of, the United States;

   b.   was granted a "limited license" to practice as a pharmacist in New York by the Defendants, but is ineligible for an "unlimited", i.e., permanent license, solely on grounds of alienage;

   c.   is duly licensed as a pharmacist in one or more of the other states of the

United States; and

    d.    has applied for permanent residency in the United States, which application is pending processing with the federal immigration authorities.

3. Defendant Richard P Mills is the Commissioner of Education, State of New York. As such, he is in charge of Defendant New York State Department of Education. New York State Department of Education is a part of New York State government; it is responsible for education and supervision of various professions, including pharmacists, in New York State.

4. Defendant Robert M. Bennett is the Chancellor of the New York State Board of Regents. As such, he is in charge of the Defendant New York State Board of Regents. Defendant New York State Board of Regents is also a part of the government of the State of New York. It has statutory responsibility for, *inter alia*, licensing of pharmacists under Section 6805 of the Education Law.

## Jurisdiction

5. Jurisdiction is predicated under the Federal Question and Civil Rights provisions of federal law, 28 U.S.C. §§1331, 1343(a).

## Factual Allegations

Mr. Lakshman Rao Paidi

6. Mr. Paidi obtained a degree in Pharmacy from Berhampur University, Orissa, India in 1998. In 2001, he came to the United States enrolled as a student in the Long Island University for the Masters Program in Pharmaceutical Administration. He completed two full semesters of coursework in the said Program.

7. Mr. Paidi obtained a license as a pharmacist in Maryland in September 2003, and in New Jersey in August 2005. Both licenses are currently active.

8. Defendants granted Mr. Paidi a "Limited License" as a pharmacist in New York in August 2005, which license expires in September 2008.

9. Mr. Paidi's license to practice as a pharmacist has never been suspended or

revoked in any state.

10. Mr. Paidi is a lawfully admitted resident of the United States. He has applied for a permanent residency ("green card") under federal immigration law. The U.S. government has not yet processed his application, which is pending.

11. Under the provisions of the Education Law at issue, Mr. Paidi is ineligible for renewing his "limited license", or obtaining a permanent license, as a pharmacist in New York. Unless Defendants are enjoined, he will be compelled to seek employment elsewhere.

Mr. Venkat Rao Dandamudi

12. Mr. Venkat Rao Dandamudi obtained a degree in Pharmacy from Gulbarga University, Karnataka India in 1996. In 1997, he came to the United States and was employed as a pharmacy coordinator in a New York pharmacy.

13. Mr. Dandamudi was licensed as a pharmacist in Pennsylvania in 2005, and in New Jersey in 2006. Both licenses are currently active.

14. Defendants granted Mr. Venkat Rao Dandamudi a license as a "pharmacy intern" in 1999, and thereafter, granted him a "Limited License" as a pharmacist in New York in 2003. That license expired in March 2007.

15. Mr. Dandamudi's license to practice as a pharmacist has never been suspended or revoked in any state.

16. Mr. Dandamudi is a lawfully admitted resident of the United States. He has applied for a permanent residency ("green card") under federal immigration law. The U.S. government has not yet processed his application, which is pending.

17. Under the provisions of the Education Law at issue, Mr. Dandamudi became ineligible for obtaining a license as a pharmacist in New York, and has been compelled to seek employment elsewhere.

Mr. Naveen Parupalli

18. Mr. Naveen Parupalli obtained a degree in Pharmacy from Gulbarga University, Karnataka, India in 1996. In 1998, he came to the United States enrolled as a

student in the Long Island University for the Masters Program in Industrial Pharmacy. He completed two years of coursework in the said Program.

19. Mr. Parupalli was licensed as a pharmacist in Maryland in January 2001, and in New Jersey in October 2005. Both these licenses are currently active.

20. Defendants granted Mr. Parupalli a "Limited License" as a pharmacist in New York in September 2002, which license expired in September 2006.

21. Mr. Parupalli's license to practice as a pharmacist has never been suspended or revoked in any state.

22. Mr. Parupalli is a lawfully admitted resident of the United States. He has applied for a permanent residency ("green card") under federal immigration law. The U.S. government has not yet processed his application, which is pending.

23. Under the provisions of the Education Law at issue, Mr. Parupalli became ineligible for being licensed as a pharmacist in New York, and has been compelled to seek employment elsewhere.

Ms. Sunitha Talluri

24. Ms. Sunitha Talluri obtained a degree in Pharmacy from Gulbarga University, Karnataka, India in 1999. In 2001, she came to the United States and was employed as a pharmacy coordinator in a New York pharmacy.

25. Ms. Talluri was licensed as a pharmacist in Florida in 2003.

26. Defendants granted Ms. Talluri a "Limited License" as a pharmacist in New York in September 2005. That license expires in September 2008.

27. Ms. Talluri's license to practice as a pharmacist has never been suspended or revoked in any state.

28. Ms. Talluri is a lawfully admitted resident of the United States. She has applied for a permanent residency ("green card") under federal immigration law. The U.S. government has not yet processed her application, which is pending.

29. Under the provisions of the Education Law at issue, Ms. Talluri is ineligible for renewing her "limited license" or being licensed as a pharmacist in New York.

Unless the statutory provision at issue is struck down, she will also be compelled to seek employment elsewhere.

### Krishna Kishore Inapuri

30. Mr. Krishna Kishore Inapuri obtained a degree in Pharmacy from Karnatak University, Karnataka, India in 1999. In Fall 2000, he came to the United States enrolled as a student in Long Island University's Program for Master of Sciences. He completed the coursework for the Program in 2003.

31. Mr. Inapuri obtained a license as a pharmacist in Maryland in 2003. Since then, he has also obtained a license as a pharmacist in New Jersey and New Hampshire. All these licenses are current and still active.

32. Defendants granted Mr. Inapuri a "Limited License" as a pharmacist in New York in September 2006. That license expires in September 2009.

33. Mr. Inapuri's license to practice as a pharmacist has never been suspended or revoked in any state.

34. Mr. Inapuri is a lawfully admitted resident of the United States. He has applied for a permanent residency ("green card") under federal immigration law. The U.S. government has not yet processed his application, which is pending.

35. Under the provisions of the Education Law at issue, Mr. Inapuri is ineligible for renewing his "limited license," or being licensed as a pharmacist in New York. Unless the statutory provision at issue is struck down, he will also be compelled to seek employment elsewhere.

### Ravi Kumar Chenna

36. Mr. Ravi Kumar Chenna, obtained a degree in Pharmacy from Nagarjuna University, Andhra Pradesh, India in 1999. In January 2001, he came to the United States as a student in Long Island University's Program for Master of Sciences in Chemistry. He completed the coursework for the Program in 2003.

37. Mr. Chenna obtained a license as a pharmacist in Maryland in 2003, and subsequently, in New Jersey and New Hampshire. When his Maryland license

expired, Mr. Chenna did not renew it since he was employed in New Hampshire. His other licenses, i.e., in New Jersey and New Hampshire, are current and active.

38. Defendants granted Mr. Chenna a "Limited License" as a pharmacist in New York in May 2006. That license expires in May 2009.

39. Mr. Chenna's license to practice as a pharmacist has never been suspended or revoked in any state.

40. Mr. Chenna is a lawfully admitted resident of the United States. He has applied for a permanent residency ("green card") under federal immigration law. The U.S. government has not yet processed his application, which is pending.

41. Under the provisions of the Education Law at issue, Mr. Chenna is ineligible for renewing his "limited license," or being licensed as a pharmacist in New York. Unless the statutory provision at issue is struck down, he will also be compelled to seek employment elsewhere.

Naren Adusumelli

42. Mr. Adusumelli obtained a degree in Pharmacy from Dr. M.G.R Medical University, Tamil Nadu, India in 1999. In Fall 2004, he came to the United States enrolled as a student in Long Island University's Program for Master of Sciences in Pharmacy. He completed the Program and obtained the said degree in 2005.

43. Mr. Adusumelli obtained a license as a pharmacist in New Jersey and New Hampshire. Both these licenses are current and still active.

44. Defendants granted Mr. Adusumelli a "Limited License" as a pharmacist in New York in September 2006. That license expires in September 2009.

45. Mr. Adusumelli's license to practice as a pharmacist has never been suspended or revoked in any state.

46. Mr. Adusumelli is a lawfully admitted resident of the United States. He has applied for a permanent residency ("green card") under federal immigration law.

New York, New York 10017

Page 6 of 10

The U.S. government has not yet processed his application, which is pending.

47. Under the provisions of the Education Law at issue, Mr. Adusumelli is ineligible for renewing his "limited license," or being licensed as a pharmacist in New York. Unless the statutory provision at issue is struck down, he will also be compelled to seek employment elsewhere.

Statutory Provisions

48. New York State Law mandates that persons seeking to be licensed as pharmacists in New York State be U.S. citizens or permanent residents. Section 6805 of the Education Law prescribes the licensing requirements, which include the following:

> Requirements for a professional license:
>
> 1. To qualify for a pharmacist's license, an applicant shall fulfill the following requirements:
> \*\*\*\*\*\*\*\*\*\*    \*\*\*\*\*\*\*\*\*\*    \*\*\*\*\*\*\*\*\*\*
> (6) Citizenship or immigration status: be a United States citizen or an alien lawfully admitted for permanent residence in the United States;

Education Law § 6805.

49. Under regulations promulgated thereunder, Defendants State Department of Regents is authorized to issue a "one-time waiver" of this requirement for 3 years, with an extension of 1 year. Thus, an alien who meets all the other requirements of licensing can obtain a "limited license" for a maximum of 4 years, no more.

50. Each Plaintiff herein has obtained such a limited license, and practiced as a pharmacist in New York thereunder.

51. Each Plaintiff meets and has met all the other requirements for being licensed as a pharmacist in New York.

## COUNT I

### (Violation of Fourteenth Amendment)

52. Plaintiffs reiterate the contents of the paragraphs hereinabove.

53. Under the Fourteenth Amendment to the Constitution of the United States, no state may deny to any person within its jurisdiction the equal protection of the laws.

54. By making United States citizenship or permanent residence a requirement for a person to qualify for a license as a pharmacist, Section 6805 of the New York Education Law unlawfully discriminates against aliens such as the Plaintiffs and denies them the equal protection of the laws, in violation of the Fourteenth Amendment to the Constitution of the United States.

55. By reason of the foregoing, Plaintiffs are entitled, pursuant to 42 U.S.C. §1981 and 42 U.S.C. §1983, to a judgment declaring that the provisions of subsection 6805(1)(6) of the New York Education Law are unconstitutional, and in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution.

56. By reason of the foregoing, Plaintiffs are entitled, pursuant to 42 U.S.C. §1981 and 42 U.S.C. §1983, to a preliminary and permanent injunction prohibiting the Defendants and each of them from applying or enforcing the provisions of subsection 6805(1)(6) of the New York Education Law in connection with applications by Plaintiffs for professional licenses as pharmacists or from denying Plaintiffs the right to obtain a professional license solely because they are not citizens of the United States or the holders of permanent resident status.

## COUNT II

### (Violation of the Supremacy Clause)

57. Plaintiffs reiterate the contents of the paragraphs hereinabove.

58. Under Article VI of the United States Constitution, clause 2 (the "Supremacy Clause"), the laws of the United States are the supreme law of the land and

binding on all the states, notwithstanding any state law to the contrary.

59. Under United States law, the federal government has primary responsibility for matters pertaining to immigration and naturalization and the regulation of the conduct of aliens prior to naturalization.

60. In requiring a person to be a citizen or to have permanent resident ("green card") status in order to qualify for a license as a pharmacist, Section 6805(1)(6) of the New York Education Law poses a discriminatory burden on the conduct, entrance, and residence of aliens lawfully within the United States, such as Plaintiffs, and conflicts with national policies governing immigration and naturalization.

61. By reason of the foregoing, each Plaintiff is entitled, pursuant to 42 U.S.C. §1981 and 42 U.S.C. §1983, to a judgment declaring that the provisions of Section 6805(1)(6) of the New York Education Law are unconstitutional and in violation of the Supremacy Clause of the United States Constitution.

62. By reason of the foregoing, Plaintiffs are entitled, pursuant to 42 U.S.C. §1981 and 42 U.S.C. §1983, to a preliminary and permanent injunction prohibiting the Defendants and each of them from applying or enforcing the provisions of subsection 6805(1)(6) of the New York Education Law in connection with applications by Plaintiffs for professional licenses as pharmacists or from denying Plaintiffs the right to obtain a professional license solely because they are not citizens of the United States or the holders of permanent resident status.

WHEREFORE, Plaintiffs demand judgment as follows:

a. Declaring that the provisions of Section 6805(1)(6) of the New York Education Law are unconstitutional and in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and/or the Supremacy Clause of the United States Constitution as it relates to national policies governing immigration and naturalization

        expressed in the laws of the United States, pursuant to 42 U.S.C. §1981 and 42 U.S.C. §1983;

b. Preliminarily and permanently enjoining the Defendants from applying or enforcing the provisions of Section 6805(1)(6) of the New York Education Law in connection with an application by any and every Plaintiff for a professional license as a pharmacist and/or from denying any and every Plaintiff the right to obtain a professional license solely because he/she is not a citizen of the United States or the holder of permanent resident status;

c. Awarding Plaintiffs all reasonable attorneys' fees, costs, disbursements, out-of-pocket expenses, including without limitation, any expert fees that may be incurred in connection with this action; and

d. Awarding Plaintiffs such further and other relief as to the Court may seem just and proper.

Dated: New York, New York
August 4, 2008

**Chittur & Associates, P.C.**

_[signature]_

By: Krishnan Chittur, Esq. (KC9258)
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447
Email: kchittur@chittur.com

Attorneys for Plaintiffs